UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID D. BUTLER,

          Plaintiff,

    v.

EBRIMA CEESAY, et al.,

          Defendants.

Case No. C25-1921-BHS-SKV

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

      Plaintiff, proceeding pro se and *in forma pauperis* (IFP) in this 42 U.S.C. § 1983 civil rights action, filed a motion requesting the appointment of counsel. Dkt. 17. Defendants did not respond to the motion. The Court, having now considered the motion and the remainder of the record, herein ORDERS as follows:

      (1)    There is no right to have counsel appointed in cases brought under § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding IFP, it may do so only upon a showing of exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the individual to articulate his claims pro se in light of the complexity of the legal issues involved. *Id*.

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 1

In this case, Plaintiff brings a single claim of cruel and unusual punishment against four correctional officers. *See* Dkt. 6. He alleges that, on February 14, 2023, he was placed in wrist and ankle restraints and transported for a six-and-a-hour trip, during which the restraints were loosened only once despite his repeated complaints of pain, that the restraints caused his hands and wrists to swell, dig into his flesh, and bleed, and that his wounds became infected and required treatment with antibiotics. *See id*. The Court ordered service of the Complaint and Defendants submitted an Answer. *See* Dkts. 7, 15.

Plaintiff now seeks the appointment of counsel. Dkt. 17. In support, he points to his lack of legal knowledge, limited education, severe mental illness and associated symptoms, and side effects of his anti-psychotic medication. *See id*. He asserts that the appointment of counsel would "level the playing field" given that Defendants have the advantage of representation, and that he believes that his claim has merit. *See id*. at 3-4.

The Court is sympathetic to the difficulties associated with Plaintiff's mental illness and other limitations. However, the Court finds this matter not yet sufficiently developed enough for the Court to assess either Plaintiff's ability to articulate his claims pro se or the likelihood of success on the merits. For these reasons, Plaintiff's request for the appointment of counsel, Dkt. 17, is DENIED. The denial is without prejudice to the renewal of the request at a later date.

(2)   The Clerk is directed to send copies of this Order to the parties and to the Honorable Benjamin H. Settle.

Dated this 14th day of January, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 2